BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: KEYBANK DATA BREACH LITIGATION | MDL NO. _____ |

**MOTION OF PLAINTIFFS KAREN MARTIN AND MICHAEL MARTIN FOR TRANSFER AND CENTRALIZATION IN THE WESTERN DISTRICT OF PENNSYVLANIA PURSUANT TO 28 U.S.C. §1407**

Pursuant to 28 U.S.C. §1407, Movant Plaintiffs Karen Martin and Michael Martin ("Plaintiffs" or "Movants") respectfully move the Panel to centralize six related actions alleging, *inter alia*, negligence arising out of KeyBank National Association's data breach ("KeyBank Data Breach" or "Related Actions"), as set forth in the Schedule of Related Actions filed herewith, as well as any tag-along actions or other cases such as may be subsequently filed asserting related or similar claims. Movants respectfully requests that the Related Actions be centralized in the United States District Court for the Western District of Pennsylvania, before the Honorable Judge Robert J. Colville, before whom one of the six Related Actions is already pending.

In support of this Motion, Movants state:

1. Movants are the Plaintiffs in the filed Related Action, *Martin v. KeyBank National Association, et al.*, Case No. 2:22-cv-01346 (W.D. Pa.) (Colville, J.), in which it alleges negligence and other related counts, stemming from a KeyBank Data Breach. The case has been assigned to the Honorable Robert J. Colville.

2. To date, there have been six data breach class actions filed against overlapping Defendants – alleging similar negligence claims violations stemming from the KeyBank Data Breach:

      a.    *Bozin v. KeyBank National Association, et al.*, Case No. 1:22-cv-01536 (N.D. Ohio);

    b.    *Marlowe v. Overby-Seawell Co., et al.*, Case No. 1:22-cv-03648 (N.D. Ga.);

    c.    *Samsel v. Overby-Seawell Co., et al.*, Case No. 1:22-cv-03593 (N.D. Ga.);

    d.    *Urciuoli v. KeyBank National Association, et al.*, Case No. 1:22-cv-1598 (N.D. Ohio);

    e.    *Martin v. KeyBank National Association, et al.*, Case No. 2:22-cv-01346 (W.D. Pa.); and

    f.    *Archer v. Overby-Seawell Co., et al.*, Case No. 1:22-cv-03780 (N.D. Ga.).

3. The Related Actions involve one or more common questions of fact, including:

    a.    whether Defendants owed a duty to Plaintiffs and other similarly situated class members to protect personally identifiable information ("PII");

    b.    whether Defendants failed to provide reasonable security to protect PII;

    c.    whether Defendants negligently or otherwise improperly allowed PII to be accessed by third parties;

    d.    whether Defendant failed to adequately notify Plaintiffs and similarly situated class members that its data systems were breached;

    e.    whether Plaintiffs and similarly situated class members suffered legally cognizable damages as a result of the KeyBank Data Breach, and, if so, in what amount; and

    f.    whether Plaintiff and class members are entitled to declaratory judgement.

4. Centralization of the KeyBank Data Breach actions will prevent duplication of discovery, eliminate the possibility of conflicting pretrial rulings, and conserve judicial resources.

5. The United States District Court for the Western District of Pennsylvania is the most appropriate forum for coordination or consolidation of the Related Actions, including for at least the following reasons:

a. the Related Actions and any tag-along actions are appropriate for transfer and coordination pursuant 28 U.S.C §1407;

b. the Related Actions involve one or more common questions of fact;

c. transfer and coordination of the Related Actions to the Western District of Pennsylvania will further the convenience of the Parties and Witnesses;

d. coordination will promote the just and efficient conduct of the Related Actions;

e. centralization under §1407 is appropriate given the number of Related Actions and District Courts at issue;

f. the Western District of Pennsylvania is well-suited, efficient, and a convenient venue for the constituent cases; and

g. docket conditions warrant centralization in the Western District of Pennsylvania.

WHEREFORE, Movant respectfully requests that the Panel centralize the Related Actions set forth in the Schedule of Related Actions filed herewith, as well as any tag-along actions or other cases such as may be subsequently filed asserting related or similar claims in the United States District Court for the Western District of Pennsylvania, before the Honorable Robert J. Colville.

Dated:  October 18, 2022                Respectfully submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*/s/ Joseph P. Guglielmo*
Joseph P. Guglielmo
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY  10169
Tel:  212-223-6444
Fax:  212-223-6334
jguglielmo@scott-scott.com

*Counsel for Plaintiffs Karen Martin and Michael Martin*