**UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION**

**NOTICE OF HEARING SESSION**

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:   **January 26, 2023**

LOCATION OF HEARING SESSION:   Wilkie D. Ferguson, Jr. U.S. Courthouse
Ceremonial Courtroom 13-3, 13th Floor
400 North Miami Avenue
Miami, Florida 33128

TIME OF HEARING SESSION: In those matters designated for oral argument, counsel presenting oral argument must be present at **8:00 a.m.** in order for the Panel to allocate the amount of time for oral argument. Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS: Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for Transfer filed pursuant to Rules 6.1 and 6.2. Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c). Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel continues to monitor the ongoing COVID-19 pandemic. **At present, the Panel intends to hear oral argument <u>in person</u>, but reserves the option to hear oral argument by videoconference or teleconference should circumstances warrant.** The Panel has returned to its regular practice for allocating argument time. Therefore, unlike Hearings conducted earlier during the pandemic, the Panel will not allocate argument time in advance of the Hearing. Instead, argument time will be allocated when counsel check in at 8:00 a.m. the morning of the Hearing. The Panel shall notify the parties if there is any change to these procedures.

-2-

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument. The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district. Any change in position should be conveyed to Panel staff before the beginning of oral argument. Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

- Please review and plan to abide by the Southern District of Florida's requirements regarding public access and masks or face coverings in light of COVID-19, which can be found on the court's website at https://www.flsd.uscourts.gov/. **All persons, including counsel and associated attendees, must wear masks in the courtroom, regardless of vaccination status, unless they are presenting argument to the Panel or are otherwise instructed by the Panel.**

- A transcript of the oral argument will be filed in each docket when it becomes available. Parties who wish to order a transcript may obtain the court reporter's contact information from the court reporter at the hearing or from the Panel at 202-502-2800 following the hearing.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **January 3, 2023.** The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

*John W. Nichols*
John W. Nichols
Clerk of the Panel

cc: Clerk, United States District for the Southern District of Florida

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**


**HEARING SESSION ORDER**

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on January 26, 2023, the Panel will convene a hearing session in Miami, Florida, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).  **Oral argument will be heard in person unless the Panel determines that circumstances caused by the COVID-19 pandemic warrant hearing argument by videoconference or teleconference.**  Should the Panel determine that oral argument is to be conducted by videoconference or teleconference, the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this decision to counsel for all parties involved in the matters listed on the attached Schedule.

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c).  The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

SCHEDULE OF MATTERS FOR HEARING SESSION
January 26, 2023 -- Miami, Florida

**SECTION A**
**MATTERS DESIGNATED FOR ORAL ARGUMENT**

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 3055 − **IN RE: SAMSUNG CUSTOMER DATA SECURITY BREACH LITIGATION**

Motion of plaintiffs Naeem Seirafi, et al., to transfer the following actions to the United States District Court for the Northern District of California or, in the alternative, the United States District Court for the District of New Jersey:

Northern District of California

SEIRAFI, ET AL. v. SAMSUNG ELECTRONICS AMERICA, INC.,
    C.A. No. 3:22−05176
GUTIERREZ v. SAMSUNG ELECTRONICS AMERICA, INC., C.A. No. 3:22−05719

Northern District of Illinois

NEWBERY, ET AL. v. SAMSUNG ELECTRONICS AMERICA, INC.,
    C.A. No. 1:22−05325

District of New Jersey

ROBINSON v. SAMSUNG ELECTRONICS AMERICA, INC., C.A. No. 2:22−05722
BECKER v. SAMSUNG ELECTRONICS AMERICA, INC., C.A. No. 2:22−05723
DIPAOLA, ET AL. v. SAMSUNG ELECTRONICS AMERICA, INC.,
    C.A. No. 2:22−05724
FERNANDEZ v. SAMSUNG ELECTRONICS AMERICA, INC., C.A. No. 2:22−05745
ROLLINS v. SAMSUNG ELECTRONICS AMERICA, INC., C.A. No. 2:22−05767

Southern District of New York

MARK v. SAMSUNG ELECTRONICS AMERICA, INC., C.A. No. 1:22−07974

MDL No. 3056 − **IN RE: KEYBANK CUSTOMER DATA SECURITY BREACH LITIGATION**

Motion of plaintiffs Karen Martin, et al., to transfer the following actions to the United States District Court for the Western District of Pennsylvania:

<u>Northern District of Georgia</u>

SAMSEL v. OVERBY−SEAWELL COMPANY, ET AL., C.A. No. 1:22−03593
MARLOWE v. OVERBY−SEAWELL COMPANY, ET AL., C.A. No. 1:22−03648
ARCHER, ET AL. v. OVERBY−SEAWELL CO., ET AL., C.A. No. 1:22−03780

<u>Northern District of Ohio</u>

BOZIN v. KEYBANK, N.A., C.A. No. 1:22−01536
URCIUOLI, ET AL. v. KEYBANK NATIONAL ASSOCIATION, ET AL.,
   C.A. No. 1:22−01598

<u>Western District of Pennsylvania</u>

MARTIN, ET AL. v. KEYBANK NATIONAL ASSOCIATION, ET AL.,
   C.A. No. 2:22−01346

MDL No. 3058 − **IN RE: TRANSUNION LLC, BALANCE AFTER BANKRUPTCY DISCHARGE FAIR CREDIT REPORTING ACT (FCRA) LITIGATION**

Motion of defendant Trans Union, LLC to transfer the following actions to the United States District Court for the Northern District of Illinois:

<u>Southern District of California</u>

GRAY v. TRANS UNION, LLC, C.A. No. 3:22−01330

<u>District of Hawaii</u>

SALZER v. TRANS UNION LLC, C.A. No. 1:22−00420

<u>District of Nevada</u>

LOUGHTON v. TRANS UNION LLC, C.A. No. 2:22−01076
ANDERSON, ET AL. v. TRANS UNION, LLC, C.A. No. 2:22−01214
SCALLION v. TRANS UNION, LLC, ET AL., C.A. No. 2:22−01382
GENNA v. EQUIFAX INFORMATION SERVICES, LLC, ET AL., C.A. No. 2:22−01429
WHEELER v. TRANS UNION, LLC, ET AL., C.A. No. 2:22−01660
WOOTERS v. EXPERIAN INFORMATION SOLUTIONS, INC., ET AL.,
   C.A. No. 2:22−01691

District of Utah

MOORE v. TRANS UNION, ET AL., C.A. No. 1:22−00078
HANSEN v. TRANS UNION, ET AL., C.A. No. 1:22−00124

MDL No. 3059 − **IN RE: BEYOND MEAT, INC., PROTEIN CONTENT MARKETING AND SALES PRACTICES LITIGATION**

Motion of defendant Beyond Meat, Inc., to transfer the following actions to the United States District Court for the Northern District of Illinois or, in the alternative, the United States District Court for the Eastern District of New York:

Northern District of Illinois

ROBERTS, ET AL. v. BEYOND MEAT, INC., C.A. No. 1:22−02861
BOROVOY v. BEYOND MEAT, INC., C.A. No. 1:22−06302

Southern District of Iowa

GARCIA, ET AL. v. BEYOND MEAT, INC., C.A. No. 4:22−00297

Eastern District of New York

CASCIO v. BEYOND MEAT, INC., C.A. No. 2:22−04018

Southern District of New York

MILLER v. BEYOND MEAT, INC., C.A. No. 1:22−06336

MDL No. 3060 − **IN RE: HAIR RELAXER MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs Jenny Mitchell, Rugieyatu Bhonopha, Diane Grant, and Bernadette Gordon to transfer the following actions to the United States District Court for the Northern District of Illinois:

Northern District of California

BHONOPHA v. L'OREAL U.S.A., INC., ET AL., C.A. No. 3:22−06395

Southern District of Georgia

GAMBLE v. STRENGTH OF NATURE GLOBAL, LLC, ET AL., C.A. No. 4:22−00256
LEE v. STRENGTH OF NATURE GLOBAL, LLC, ET AL., C.A. No. 4:22−00257

Northern District of Illinois

MITCHELL v. L'OREAL USA, INC., ET AL., C.A. No. 1:22−05815
GORDON v. L'OREAL USA, INC., ET AL., C.A. No. 1:22−06033
SMITH v. L'OREAL USA, INC., C.A. No. 1:22−06047
WILLIAMS, ET AL. v. L'OREAL USA, INC., ET AL., C.A. No. 1:22−06110
GRANT v. L'OREAL USA, INC., C.A. No. 1:22−06113

Southern District of New York

TERRELL v. REVLON CONSUMER PRODUCTS CORP., ET AL., C.A. No. 1:22−09008

MDL No. 3062 − **IN RE: CROP PROTECTION PRODUCTS LOYALTY PROGRAM ANTITRUST LITIGATION**

Motion, as amended, of plaintiffs Bradley Day Farms; Chuck Day Farms; Danny Day, Jr., et al.; Shelby Farms, LLC, et al.; M and M Farms Partnership, et al.; Scott Day Farms; and HYS Farms, LLC to transfer the following actions to the United States District Court for the Southern District of Indiana:

Southern District of Indiana

JENKINS v. CORTEVA, INC., ET AL., C.A. No. 1:22−01976
CHUCK DAY FARMS PARTNERSHIP v. SYNGENTA CROP PROTECTION AG,
    ET AL., C.A. No. 1:22−02222
BRADLEY DAY FARMS v. SYNGENTA CROP PROTECTION AG, ET AL.,
    C.A. No. 1:22−02223
DANNY DAY, JR. FARMS, ET AL. v. SYNGENTA CROP PROTECTION AG, ET AL.,
    C.A. No. 1:22−02225
SHELBY FARMS, LLC, ET AL. v. SYNGENTA CROP PROTECTION AG, ET AL.,
    C.A. No. 1:22−02226
M AND M FARMS PARTNERSHIP, ET AL. v. SYNGENTA CROP PROTECTION AG,
    ET AL., C.A. No. 1:22−02227
HYS FARMS, LLC v. SYNGENTA CROP  PROTECTION AG, ET AL.,
    C.A. No. 1:22−02229
SCOTT DAY FARMS v. SYNGENTA CROP PROTECTION AG, ET AL.,
    C.A. No. 1:22−02230

Middle District of North Carolina

ANDERSON v. SYNGENTA CROP PROTECTION AG, ET AL., C.A. No. 1:22−00858
CROSCUT v. SYNGENTA CROP PROTECTION AG, ET AL., C.A. No. 1:22−00899

MDL No. 3063 − **IN RE: UNITED FURNITURE INDUSTRIES, INC., WORKER ADJUSTMENT AND RETRAINING NOTIFICATION (WARN) ACT LITIGATION**

Motion of plaintiff Frances Denise Alomari to transfer the following actions to the United States District Court for the Northern District of Mississippi:

<u>Central District of California</u>

ALCANTARA, ET AL. v. UNITED FURNITURE INDUSTRIES, INC., ET AL.,
  C.A. No. 5:22−02110

<u>Northern District of Mississippi</u>

NEAL v. UNITED FURNITURE INDUSTRIES, INC., ET AL., C.A. No. 1:22−00171
POE v. UNITED FURNITURE INDUSTRIES, INC., C.A. No. 1:22−00172
ALOMARI v. UNITED FURNITURE INDUSTRIES, INC., C.A. No. 1:22−00176

MDL No. 3064 − **IN RE: HARLEY−DAVIDSON AFTERMARKET PARTS MARKETING, SALES PRACTICES AND ANTITRUST LITIGATION**

Motion of plaintiffs Scott Koller, et al., to transfer the following actions to the United States District Court for the Northern District of California or, in the alternative, the United States District Court for the Northern District of Illinois:

<u>District of Arizona</u>

WAGNER v. HARLEY−DAVIDSON MOTOR COMPANY GROUP LLC,
  C.A. No. 2:22−01912

<u>Central District of California</u>

HEYMER v. HARLEY−DAVIDSON MOTOR COMPANY GROUP, LLC,
  C.A. No. 5:22−02085

<u>Northern District of California</u>

KOLLER v. HARLEY−DAVIDSON MOTOR COMPANY GROUP, LLC, ET AL.,
  C.A. No. 4:22−04534

<u>Northern District of Illinois</u>

ASSISE, ET AL. v. HARLEY−DAVIDSON, INC., C.A. No. 1:22−06068

District of Massachusetts

BILLINGS v. HARLEY−DAVIDSON MOTOR COMPANY GROUP, LLC,
  C.A. No. 1:22−11747

District of Minnesota

PERRY v. HARLEY−DAVIDSON MOTOR COMPANY GROUP, LLC,
  C.A. No. 0:22−02920

Northern District of New York

WEAVER v. HARLEY−DAVIDSON MOTOR COMPANY GROUP, LLC,
  C.A. No. 1:22−01142

Western District of New York

HUTLEY v. HARLEY−DAVIDSON MOTOR COMPANY GROUP, LLC,
  C.A. No. 1:22−00902

MDL No. 3065 − **IN RE: THE LITIGATION PRACTICE GROUP, PC, CREDIT REPAIR ORGANIZATIONS ACT (CROA) CONTRACT LITIGATION**

Motion of defendant The Litigation Practice Group, PC to transfer the following actions to the United States District Court for the Southern District of Ohio or, in the alternative, the United States District Court for the Northern District of Ohio:

Central District of California

GRAHAM v. THE LITIGATION PRACTICE GROUP, PC, C.A. No. 2:22−07915

Eastern District of California

RIZO v. THE LITIGATION PRACTICE GROUP, PC, C.A. No. 2:22−01959

Northern District of Georgia

EATON v. THE LITIGATION PRACTICE GROUP, PC, C.A. No. 1:22−00917
HAMMETT v. DEBT RESOLUTION DIRECT, LLC, C.A. No. 1:22−04249

District of Kansas

WILLIAMSON v. LITIGATION PRACTICE GROUP, PC, Bky. Adv. No. 5:22−07015

Southern District of Mississippi

BEECH v. LITIGATION PRACTICE GROUP, PC, C.A. No. 1:22−00057

Northern District of Ohio

SHEFFIELD, ET AL. v. THE LITIGATION PRACTICE GROUP, PC,
   C.A. No. 3:22−02093
KLAUS v. THE LITIGATION PRACTICE GROUP, PC, C.A. No. 3:22−02094

Southern District of Ohio

SCARLETT v. THE LITIGATION PRACTICE GROUP, PC, C.A. No. 3:22−00342

Middle District of Pennsylvania

PRICE v. LITIGATION PRACTICE GROUP, P.C., ET AL., C.A. No. 3:22−00707

Western District of Texas

TOPP v. THE LITIGATION PRACTICE GROUP, PC, C.A. No. 6:22−00814

# SECTION B
# MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2566 − **IN RE: TELEXFREE SECURITIES LITIGATION**

Opposition of defendants Foster Garvey, P.C.; Robert C. Weaver; Samuel Kauffman, Sara Sandford; and Gary Tober to transfer of the following action to the United States District Court for the District of Massachusetts:

<u>Western District of Washington</u>

CELLUCCI, ET AL. v. FOSTER GARVEY, ET AL., C.A. No. 2:22−01315

MDL No. 2666 − **IN RE: BAIR HUGGER FORCED AIR WARMING DEVICES PRODUCTS LIABILITY LITIGATION**

Motion of defendants 3M Company and Arizant Healthcare, Inc., to transfer the following action to the United States District Court for the District of Minnesota:

<u>Western District of Oklahoma</u>

GILES, ET AL. v. 3M COMPANY, ET AL., C.A. No. 5:22−00690

MDL No. 2846 − **IN RE: DAVOL, INC./C.R. BARD, INC., POLYPROPYLENE HERNIA MESH PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Linda Vaughn, et al., to transfer of the following action to the United States District Court for the Southern District of Ohio:

<u>Western District of Kentucky</u>

VAUGHN, ET AL. v. KENTUCKIANA SURGICAL SPECIALISTS, P.S.C., ET AL., C.A. No. 3:22−00576

MDL No. 2924 − **IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Greenie Anthony Weaver to transfer of the following action to the United States District Court for the Southern District of Florida:

<u>Central District of California</u>

WEAVER v. SANOFI−AVENTIS U.S. LLC, ET AL., C.A. No. 2:22−07287

MDL No. 2996 − **IN RE: MCKINSEY & COMPANY, INC., NATIONAL PRESCRIPTION OPIATE CONSULTANT LITIGATION**

Oppositions of plaintiffs and defendants West Virginia Board of Pharmacy; AbbVie Inc.; Allergan Finance, LLC; Allergan Limited; Allergan Sales, LLC; Allergan USA, Inc.; AmerisourceBergen Corporation; AmerisourceBergen Drug Corporation; Anda, Inc.; Cardinal Health, Inc.; H.D. Smith Holding Company; H.D. Smith Holdings, LLC; H.D. Smith, LLC; Janssen Pharmaceuticals, Inc.; Johnson & Johnson; McKesson Corporation; Noramco, LLC; and Teva Pharmaceuticals USA, Inc., to transfer of the following actions to the United States District Court for the Northern District of California:

Southern District of West Virginia

S. U., ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:22−00471
J. A. H., ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:22−00472
L. M. H., ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:22−00473
A. L. K., ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:22−00474
S.W., ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:22−00475
K.A.D., ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:22−00476
D.R.E., ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:22−00478
K. B., ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:22−00479
A.B.F., ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:22−00480
M. B., ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:22−00481
A.S.A., ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:22−00482
M. B., ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:22−00483
M. E. B., ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:22−00484
M. B., ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:22−00485
A. S. A., ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 2:22−00487

MDL No. 3010 − **IN RE: GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION**

Opposition of plaintiff Michael Stellman to transfer of the *Stellman* action and opposition of defendants Google LLC, et al., to transfer of the *Inform* action to the United States District Court for the Southern District of New York:

Northern District of California

STELLMAN v. GOOGLE LLC, ET AL., C.A. No. 5:22−05273

Northern District of Georgia

INFORM, INC. v. GOOGLE LLC, ET AL., C.A. No. 1:19−05362

MDL No. 3014 − **IN RE: PHILIPS RECALLED CPAP, BI−LEVEL PAP, AND MECHANICAL VENTILATOR PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Douglas Dobbs, et al., to transfer of the following action to the United States District Court for the Western District of Pennsylvania:

Southern District of Texas

DOBBS, ET AL. v. AEROCARE HOME MEDICAL, INC., ET AL., C.A. No. 4:22−03408

MDL No. 3044 − **IN RE: EXACTECH POLYETHYLENE ORTHOPEDIC PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs in MDL No. 3044 George Wilson, et al., and defendants Exactech, Inc., and Exactech U.S., Inc., to transfer of the following action to the United States District Court for the Eastern District of New York:

Northern District of Florida

MSP RECOVERY CLAIMS SERIES LLC v. EXACTECH, INC., ET AL., C.A. No. 1:22−00313

MDL No. 3047 − **IN RE: SOCIAL MEDIA ADOLESCENT ADDICTION/PERSONAL INJURY PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Joleen Youngers, et al., to transfer of the following action to the United States District Court for the Northern District of California:

District of New Mexico

YOUNGERS, ET AL. v. META PLATFORMS, INC., ET AL., C.A. No. 1:22−00608

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a) <u>Schedule</u>. The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

(b) <u>Oral Argument Statement</u>. Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

(i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c) <u>Hearing Session</u>. The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

(i) the dispositive issue(s) have been authoritatively decided; or

(ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process. Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

(d) <u>Notification of Oral Argument</u>. The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

(i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.

(ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e) <u>Duty to Confer</u>. Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

(f) <u>Time Limit for Oral Argument</u>. Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints. Counsel for the moving party or parties shall generally be heard first.